**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>MIGUEL ANGEL VEGA MORALES and INEABELLE RIVERA ORTIZ,<br><br>    Debtors. | CASE NO. 21-02671 MAG13<br><br>Chapter 13<br><br><br>FILED & ENTERED ON 3/29/2022 |

**ORDER**

Pending before the court is a motion under Fed. R. Civ. P. 60(b) filed by Oriental Bank-Auto ("Oriental") requesting the court to vacate an order granting as unopposed the motion to value collateral filed by Miguel Angel Vega Morales and Ineabelle Rivera Ortiz (the "Debtors"). [Dkt. No. 20.] For the reasons stated below, Oriental's motion to vacate is denied.

On September 7, 2021, Debtors filed their voluntary petition under chapter 13 of the Bankruptcy Code. [Dkt. No. 1.] On the same date, Debtors filed their proposed chapter 13 plan and a motion to value collateral under Fed. R. Bankr. P. 3012 to determine the secured status of Oriental's claim. [Dkt. Nos. 2 & 5.] Oriental's collateral is a 2016 Nissan Rogue SUV. Debtors propose to pay the value of the vehicle estimated at $10,884, plus 3.5% interest for a total of $11,836.28. [Dkt. Nos. 2 & 5.]

On September 27, 2021, Oriental appeared in the case and filed secured proof of claim number 3 in the amount of $30,361.50. [Dkt. No. 16 & Claims Register No. 3-1.]

On October 12, 2021, the court granted Debtors' motion to value collateral as unopposed. [Dkt. No.19.]

On October 14, 2021, Oriental filed a motion under Fed. R. Civ. P. 60(b). [Dkt. No. 20.] Oriental argues that the court should set aside the order granting Debtors' motion to value collateral as unopposed because there was a court-approved stipulation reached by the parties on May 15, 2020 in Debtors' prior chapter 13 case, in which the parties agreed to set the value of the vehicle in question at $15,808.91.[1] Although Oriental admits that Debtors complied with the proper notice requirements for a Fed. R. Bankr. P. 3012 motion, it alleges that neither Oriental nor Debtors referred the motion to Oriental's attorney. As such, Oriental argues that its failure to oppose Debtors' Fed. R. Bankr. 3012 motion constitutes excusable neglect.[2]

On November 12, 2021, Debtors filed their opposition to the motion to vacate order. [Dkt. No. 27.]  They argue that the stipulation reached in the prior case was set aside under section 349(b)(2) of the Bankruptcy Code upon dismissal of the prior case. They further contend that if granted, Oriental's request will have a major impact on Debtors' reorganization efforts because their financial situation has changed. Lastly, Debtors assert that Oriental's admitted neglect is not excusable.

On December 13, 2021, Oriental replied, [Dkt. No. 31.] and Debtors filed a surreply on December 22, 2021. [Dkt. No. 34.] Additionally, Debtors filed a separate motion submitting

---

[1] Oriental submitted the stipulation in Case No. 19-05767 EAG13 as Exhibit A to its motion to vacate. [Dkt. No. 20.]  As explained by Oriental, the stipulation was filed by the parties on May 15, 2020 and approved by the court on June 9, 2020. Case No. 19-05767 was dismissed on April 19, 2021 and closed on August 2, 2021.

[2] "Motions for reconsideration are generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time such motion is served." Perez v. United States Gov't, 899 F. Supp. 2d 90, 102 (D.P.R. 2013). Even though Oriental filed its motion to set aside within fourteen days of the entry of the order granting Debtors' Fed. R. Bankr. P. 3012 motion, the basis for the same is excusable neglect pursuant to Fed. R. Civ. P. 60(b)(1). However, it should be noted that the court would reach the same conclusion under a Fed. R. Civ. P. 59(e) analysis considering that "[a] motion for reconsideration [under Fed. R. Civ. P. 59(e)] does not provide a vehicle for a party to undo its own procedural failures . . . ." Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006) (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)).  In light of Oriental's procedural failure to timely respond to Debtors' motion to value collateral the court entered the order Oriental seeks to set aside.

evidence that on September 7, 2021 their Fed. R. Bankr. P. 3012 motion was served upon

Oriental, through the bank's President, via certified mail with return receipt. [Dkt. No. 38.]

Under Fed. R. Civ. P. 60(b)(1), made applicable to this case by Fed. R. Bankr. P. 9024,

"the court may relieve a party or its legal representative from a final judgment, order, or

proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ.

P. 60(b)(1). "To prevail on a Rule 60(b) motion, the party seeking to have the judgment vacated

bears the burden of showing both reasonable grounds for the default, and the existence of a

meritorious defense on the merits of the case." Balzotti v. RAD Invs., LLC (In re Shepherds Hill

Dev. Co.), 316 B.R. 406, 416 (B.A.P. 1st Cir. 2004). "[N]either mistake nor carelessness on the

part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1) . . . ." Id. at 417.

"Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b)(1)."

Municipality of Carolina v. Gonzalez (In re Gonzalez), 490 B.R. 642, 652 (B.A.P. 1st Cir. 2013).

Because the court finds that Oriental has not met its burden under Fed. R. Civ. P. 60(b)(1), its

motion to vacate is denied.

Oriental's argument that the stipulation reached in the prior chapter 13 case binds the

parties in this chapter 13 has no merit. Debtors argue that upon the dismissal of the prior case,

the stipulation was set aside and all property rights were restored to their pre-bankruptcy status

under section 349(b)(2). 11 U.S.C. § 349(b)(2). While section 349 indeed governs the effect of

the dismissal of a case, the court need not reach that analysis because the stipulation by its own

terms was set aside upon the dismissal of the case. First, it specifically states that the valuation

agreed to by the parties was "for purposes of . . . case [19-05767]." [Dkt. No. 20, Exhibit A at

¶ 7.] And more importantly, it clearly provides that its terms are binding upon the parties "and

shall constitute *res judicata* for purposes of any future litigation in the case at bar and/or any

other case or petition which may be filed in the future by [Debtors] . . . **unless the bankruptcy**

3

**case at caption is dismissed or converted**." [Id. at ¶ 16., emphasis added]. Consequently, upon the dismissal of the prior case, the stipulation by its own terms became unenforceable in a subsequent case.

Oriental's next argument that its failure to oppose Debtors' motion to value collateral can be attributed to excusable neglect fares no better. A valuation request under Fed. R. Bankr. 3012 is a contested matter which requires compliance with the service provision of Fed. R. Bankr. 7004. Moreover, because Oriental is an insured depository institution, Fed. R. Bankr. 7004(h) required the motion to be served by certified mail to an officer of the institution. The parties agree that Debtors complied with the Fed. R. Bankr. 7004(h) service requirements. However, Oriental argues that it failed to oppose Debtors' motion because neither Oriental nor Debtors referred the motion to the Oriental's attorney. Even if that were the case, Oriental filed a notice of appearance on September 27, 2021, and Debtors' Fed. R. Bankr. 3012 motion was filed on September 7, 2021 and was not granted until October 12, 2021. That alone defeats any excusable neglect warranting Fed. R. Civ. P. 60(b)(1) relief because Oriental had ample opportunity to examine the docket of the case, evaluate Debtors' proposed plan and their motion to value collateral under Rule 3012, and timely file any opposition it deemed appropriate, but failed to do so. Furthermore, when the motion to value collateral was filed Debtors did not know who the attorney for Oriental was going to be, hence notice of the motion to the attorney was not given at that time. And Oriental's failure to timely refer the motion to value collateral to its attorney for appropriate action in and of itself may not be considered grounds for excusable neglect.

In conclusion, Oriental failed to provide grounds to support its request to set aside the order granting Debtors' motion to value collateral as unopposed [Dkt. No.19], therefore its motion to vacate order is denied.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 29th day of March 2022.

María de los Ángeles González
United States Bankruptcy Judge